# Richmond.

## GRAYBILL ET ALS. v. BRUGH.

### April 20th, 1893.

1. UNILATERAL CONTRACTS—*Mutuality—Specific performance.*—By agreement, signed only by the owner, for sale of land, it was stipulated that there should be no obligation, by virtue of the agreement, on the purchaser, unless within ten months he paid one third of the purchase-money. Within that period purchaser brought suit for specific performance of the agreement of sale.

HELD:

> The bill should have been dismissed for want of mutuality of obligation.

2. DEED—*Consideration.*—In equity, either party may aver and prove against the other the true and actual consideration upon which the deed is founded, though a different consideration be expressed therein. *Duval* v. *Bibb,* 4 H. & M. 116.

3. SPECIFIC EXECUTION—*Dower.*—Specific execution of an agreement to sell and convey will not ordinarily be decreed against the vendor, whose wife refuses to join in the deed, when there is no proof of fraud on his part in her refusal, unless the purchaser is willing to pay the full purchase-money and accept the deed without her joining.

Appeal from decrees of circuit court of Botetourt county, rendered May 25th, 1890, and January 27th, 1891, in a cause wherein E. J. Brugh was complainant and Mary W. T. Graybill and Lewis H. Graybill, her husband, and A. Nash Johnston were defendants. The decrees being adverse to the latter, they appealed. Opinion states the case.

*Benjamin Haden,* for appellants.

*Edmund Pendleton,* for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record in this case that on the 12th day of March, 1888, Lewis H. Graybill bought of J. H. H. Figgat, special commissioner of the circuit court of Botetourt county, in the cause therein pending of J. P. Thrasher against Bierly *et als.*, a tract of land in Botetourt county, Virginia, containing about fifty acres; that on the 3d day of February, 1890, before the purchase-money had all been paid, and before any deed had been made to Graybill for this land, the said Graybill gave to E. J. Brugh an option, in writing and under seal, for the purchase of this land by Brugh, for the nominal consideration of one dollar, but, in fact, nothing, it is admitted, was ever paid to Graybill by Brugh—not even the one dollar—for the said option.

On the 20th of March, 1890, J. H. H. Figgat, the commissioner aforesaid, upon the payment of the purchase-money for the land, by the judicial purchaser, Lewis H. Graybill, conveyed the land to Mary W. T. Graybill, the wife of Lewis H. Graybill, by the direction of the said Graybill, as he was ordered by the decree of sale to do. On the 22d day of March, 1890, Lewis H. Graybill and wife conveyed this land to A. Nash Johnston for $2,000. At the time of this purchase Johnston was informed that Lewis H. Graybill had given an option to E. J. Brugh on this land for the period of ten months from February 3d, 1890; but that nothing had been paid by Brugh on said option, and that it bound Brugh to pay or to do nothing whatever, and it was, therefore, not binding on Lewis H. Graybill.

At the April rules, 1890, of the circuit court of Botetourt county, E. J. Brugh filed his bill in this suit, asserting the said option as a binding contract, which he prayed to have specifically performed, and that the deed from J. H. H. Figgat, commissioner, to Mary W. T. Graybill, and the deed from

Opinion.

Lewis H. Graybill and Mary W. T. Graybill, his wife, to A. Nash Johnston, be set aside, vacated, and annulled; and charging Mrs. Graybill, Lewis H. Graybill, A. Nash Johnston, and J. H. H. Figgat, commissioner, with notice of his option, and with fraud in the execution of the deeds aforesaid.

The said parties filed their demurrers and answers, and denied the allegations and equities of the bill. And the circuit court of Botetourt, by the decrees complained of, decided that both Mrs. Graybill and A. Nash Johnston had notice of the said option at the time of receiving their respective deeds, and that the said option is an enforceable contract, and binding on all the parties, including A. Nash Johnston; and directing A. Nash Johnston to convey the land to E. J. Brugh, without retaining a lien on the land, upon the payment by E. J. Brugh of the cash payment and first deferred payment, and executing bonds for the second and third deferred payments of the purchase-money, "with security approved by the clerk of this court," &c.—thereby substituting for the vendor's lien to secure the deferred payments of the purchase-money mere personal security; and that, too, not such as might be satisfactory to the parties interested, nor such as should be approved by the court, but "with security approved by the clerk," &c. Johnston did not buy the land from Lewis H. Graybill, but from Mrs. Mary W. T. Graybill. Lewis H. Graybill never had any title to the land; and the interest of Brugh, if any, by virtue of a mere naked option to buy, which did not bind him to buy in any event whatever, was not such an interest in the subject of which a purchaser for value is bound to notice, or which equity will regard. Pomeroy, Vol. II., § 692. "Unilateral or option contracts are not favored in equity; and the want of mutuality of obligation and risk may generally be urged as a bar to their specific enforcement." Warvell on Vendors, Vol. II., p. 769. "Equity requires an actual

consideration, and permits the want of it to be shown, not-withstanding the seal, and applies the doctrine to covenants, settlements, and executory agreements of every description." Pomeroy Eq., Vol. I., § 383. "In respect to voluntary con-tracts, or such as are not founded in a valuable consideration, courts of equity do not interfere to enforce them as against the party himself, or as against volunteers claiming under him." Story's Equity, sec. 706 *a.*

In *Duval* v. *Bibb,* 4 H. & M. 116, it was held that, in equity, either party to a deed may aver and prove against the other the true and actual consideration on which the deed was founded, though a different consideration be expressed therein. Equity disregards the form, and looks to the sub-stance. The nominal consideration of one dollar in the option, it is admitted, was never paid; and the option says : " It is agreed by the parties hereto that there shall be no obligation upon the said E. J. Brugh, by virtue of this agree-ment, unless within the period of the said ten months he pays one third of the purchase-money." He did not sign the option, and it did not bind him to do anything. He attempted to make a large profit on an investment of nothing, and with-out the obligation to do anything; and he simply failed. The complainant's bill should have been dismissed in the circuit court, for want of mutuality of obligation in the option sued upon. It professes to bind one of the parties absolutely, and stipulates only for the indefinite pleasure of the other ; and it cannot, therefore, be specifically enforced. *Ford* v. *Euker,* 86 Va. (Hansbrough) 79. It moreover appears that neither party contemplated a sale subject to the wife, Mrs. Graybill's, contingent right of dower ; and, in this respect, this case is ruled by the case of *Dunsmore* v. *Lyle,* 87 Va. (Hansbrough) 391, where specific performance was refused, even though the bill offered to take a deed from Lyle, subject to the wife's dower. In this case the complainant, Brugh,

seeks to enforce a conveyance of the land free from the dower interest of Mrs. Graybill, who never signed the option, and who, on hearing of it, interposed her remonstrance immediately, and communicated her refusal to be bound by. it to Brugh. " Specific execution of an agreement to sell and convey will not, ordinarily, be decreed against a vendor, a married man, whose wife refuses to join in the deed, where there is no proof of fraud on his part in her refusal, unless the purchaser is willing to pay the full purchase-money and accept the deed without her joining." Warvell on Vendors, Vol. II., page 769. See *Clark* v. *Reins*, 12 Gratt. 98.

Mrs. Graybill held the legal title to the land; and she is in no manner bound by the " option " of her husband, to which she was not a party, and against which she protested from the first moment that it came to her knowledge. *Dunsmore* v. *Lyle et ux.*, 87 Va. 391; 1 Rob. Rep. 271; 12 Gratt. 98; 21 Gratt. 474; 79 Va. (Hansbrough) 305; 80 Va. (Hansbrough) 604; 81 Va. (Hansbrough) 395; 86 Va. 346. The circuit court erred in overruling the demurrer of Graybill and wife to the complainant's bill; and we are of opinion that the decrees appealed from are wholly erroneous, and our judgment is to reverse and annul them, and to enter a decree here dismissing the complainant's bill.

DECREES REVERSED.