## Wytheville.

WOOD v. DICKEY.

JULY 13th, 1893.

1. OPTIONS—*Want of mutuality—Specific performance.*—A court of equity in this State will not decree specific execution of a contract where there is no mutuality both of obligation and remedy, as both parties must, by the contract itself, have a right to compel specific execution. *Graybill* v. *Brugh*, 89 Va., 895.

2. IDEM—*Case at bar.*—Vendor sold to vendee by a title bond (containing no stipulation for a resale) a certain lot of land, agreeing to make vendee a deed thereto free from all incumbrances with general warranty when the last payment of the purchase money was made. When that payment became due vendee made it, and demanded such a deed as he was entitled to under said instrument, which vendor executed and delivered to him, but demanded and received from vendee a sealed obligation to build a house thereon within two years, and in the event of failing to build the house to sell back to vendor, at what he paid with interest, said lot except the ground whereon a warehouse then stood. The house was not built within the period specified, and vendor tendered the amount paid with interest to vendee and demanded conveyance. Vendee refused to accept the money and to make the conveyance. Thereupon vendor filed his bill for specific performance. Circuit court overruled the demurrer to the bill and decreed specific performance.

HELD :

   The title bond is a complete contract in itself, and can alone be looked to for the conditions of the sale ; and the demurrer should have been sustained for want of mutuality in the contract for resale and the bill dismissed.

Appeal from decree of circuit court of Washington county, rendered January 7, 1893, in a chancery cause wherein John R. Dickey was complainant, and the appellant, M. B. Wood, was defendant. Opinion states the case.

*White & Buchanan*, for appellant.

*Fulkerson, Page & Buchanan, D. F. Bailey, Rhea & Peters*, and *Curtain & Haynes*, for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

The record discloses that on the 15th day of July, 1889, the said John R. Dickey sold to the said M. B. Wood a vacant lot of land in the now city of Bristol, Virginia, and executed and delivered to him the following written contract, setting forth fully all the terms of the whole contract, viz: "I have this day sold to M. B. Wood, one —— adjoining the lot on which I now live, beginning on Main street, in the town of Goodson, and on the edge of Washington street, and running thence with said Main street one hundred feet to a stake; thence, running a straight line to the centre of the line fence between myself and Fillinger, about 360 feet to the line of Fillinger; thence a straight line to said Washington street, with said mentioned street about 365 to the beginning, estimated to be one-half and 15-100 of an acre, for which said Wood has paid to me fifteen hundred dollars in cash, and is to pay the remainder ($1,500) at any time within six months from this date, with interest from this date. When last payment is made, I am to make said Wood a deed, free from all encumbrances, to said land, with covenants of general warranty. Given under my hand and seal this 15th of July, 1889. John R. Dickey, [Seal]."

When the said deferred payment became due, M. B. Wood paid it to the said John R. Dickey and demanded of him such a deed as he was entitled to under the said contract of sale, whereupon the said Dickey executed and delivered to the said M. B. Wood an absolute, unconditional, fee simple deed for the said lot of land free from all encumbrances and with covenant of general warranty, but demanded of and received from

the said M. B. Wood the following paper, viz: "This is to cer-
tify that I have purchased a certain lot of land in the town of
Goodson of John R. Dickey, adjoining the lot on which he
now lives. I agree and bind myself to erect thereon a good,
neat dwelling-house upon a line with the house said Dickey
now lives in, so as not to obstruct the view from his house
looking down Main street, and in consideration of the price at
which the said Dickey sold said lot to me, I bind myself to
keep the front of said lot open, and build a residence thereon
in which I expect myself and family to live within two years,
failing to build which, I bind myself to sell said lot back to
Dickey, at what I paid, with interest, except the ground on
which the warehouse now stands. January 25, 1890. M. B.
Wood, [Seal]." Which writing was duly recorded.

The bill was filed by the complainant, John R. Dickey,
alleging that no dwelling-house, residence or other building
was erected by said Wood, upon the said lot so sold to him
within two years from the date of the said writing, and that
on the 25th day of January, 1892, he, the said John R. Dickey,
tendered to the said Wood the sum of money paid by him for said
lot, with interest thereon, as provided in the said writing, to-wit:
$3,452 50 being the said sum of $3,000 and its interest to January
25, 1892, and demanded of said Wood a conveyance of the said lot,
except the ground on which the warehouse stood on 25th of Jan-
uary, 1890, according to the terms of the said agreement in
writing, which the said Wood refused to accept and refused to
convey the said lot to the said John R. Dickey. The bill prays
for a decree for specific performance of the said agreement of
January 25, 1890, and to compel the said Wood to convey to
the said John R. Dickey the said lot of land, except the ground
upon which the warehouse stood. The defendant Wood de-
murred to the bill, which demurrer the court overruled. The
defendant then filed his answer, and upon the pleadings and
proofs, the court, on the said 7th day of January, 1893, decreed
the specific performance of the said agreement, and that the

defendant Wood shall execute and deliver to the complainant Dickey a deed conveying to him the lot conveyed to defendant by complainant by deed dated the 24th of January, 1890, except the ground upon which the warehouse, referred to in the bill and proceedings, stood, and upon the delivery of such deed, the complainant shall pay to the defendant the sum of $3,452 50 without interest; and it is further decreed that the complainant recover against the defendant the costs of this suit, &c.

We are of opinion that the court erred in overruling the demurrer to the bill and in decreeing specific execution of the alleged contract sued on. There is no *mutuality* of *obligation* and *remedy* in the paper or agreement of the 25th January, 1890, which is the basis of this suit, and of the decree appealed from, without which essential ingredient no contract can be specifically enforced in a court of equity. It is not, and it cannot be, contended that the complainant, John R. Dickey, is, by the terms or intendment of the said agreement sued on, under any obligation whatever to *purchase* the lot sold to Wood under the terms of the so-called contract or option so to do, for which he paid nothing; or that Wood has any right or remedy to compel him so to do.

The title bond, signed and sealed and delivered to the purchaser, Wood, by the seller, John R. Dickey, on the 15th day of July, 1889, for the lot therein described by metes and bounds, is a complete contract in itself; and, in the absence of allegation in the bill and proof in the cause of fraud, or mistake, or omission by mistake, it is the only and conclusive evidence of the terms and conditions of the sale and purchase of the said lot; and it only can be looked to for the intention and contract of the parties. 1 Greenleaf's Ev., section 275; *She. Valley R. R. Co.* v. *Dunlop and wife*, 86 Va. (Hansbrough.)

A court of equity in Virginia will not decree specific execution of a contract when there is not *mutuality* in both *obligation*

and *remedy.* Both parties must, by the agreement itself, have a right te compel specific performance of it, else equity will not execute it. *Moore's administrator* v. *Fitz Randolph and others*, 6 Leigh 175–185; *Hoover* v. *Calhoun*, 16 Gratt, 112; *Chilhowie Iron Co.* v. *Gardner*, 79 Va. (Hansbrough), 305–311; *Cheatham* v. *Cheatham, &c.*, 81 Va. (Hansbrough), 395–403; *Ford* v. *Euker*, 86 Va. (Hansbrough), 75; *Shenandoah Valley R. R. Co.* v. *Dunlop, &c.*, 86 Va. (Hansbrough), 346–349; *Edichal Bullion Co.* v. *Columbia Gold Mining Co.*, 87 Va. (Hansbrough), 641–645; *Graybill* v. *Brugh*, 89 Va., 895.

In *Duval* v. *Myers*, 2 Maryland Chancery, 401, it is said by the court that the right to a specific performance of a contract, so far as the mutuality is concerned, depends upon whether the *agreement itself* is obligatory upon both parties; so that upon the application of either against the other, the court would coerce a specific performance. *Rider* v. *Gray*, 69 Amer. Dec., 135; *Marble Co.* v. *Rippley*, 10 Wall., 359.

Our judgment is to reverse and annul the decree complained of as wholly erroneous, and to dismiss the bill upon the demurrer.

DECREE REVERSED.