H. WADE GILLIS, APPELLANT, v. SARAH E. PADDOCK, AD-
MINISTRATRIX, APPELLEE.

FILED NOVEMBER 10, 1906. No. 14,460.

Trial: DIRECTING VERDICT. Where the evidence upon a question of fact material to the issue is conflicting and such that reasonable minds might reach different conclusions, the question is one for the jury, and it is error for the court to direct a verdict.

APPEAL from the district court for Burt county: ABRA-
HAM L. SUTTON, JUDGE. Reversed.

Jefferis & Howell, for appellant.

Hopewell & Hopewell, contra.

JACKSON, C.

The action is one on a promissory note executed by Solomon Paddock. It appears that Paddock was under arrest at the time the note was given, charged with murder. The plaintiff is an attorney at law, and took the note in consideration of services to be rendered the maker in the defense of his case. Some days later, and prior to the date fixed for the preliminary examination, Paddock took his own life while confined in the county jail. At the close of the trial the district court directed a verdict for the defendant, and the plaintiff appeals.

The position of the defendant is thus stated in the brief filed on behalf of the estate: "First. The note is fraudulent and void, being procured by undue influence of plaintiff over the maker Solomon Paddock, the relation

of attorney and client existing between them at the time of its execution. Second. There is a failure of consideration, the services contracted for not having been performed." It appears from the record that on November 27, 1903, Solomon Paddock, while in a drunken condition, killed his own son. He was taken into custody and placed in the county jail. The coroner of the county was notified, and was at the jail preparing to go to the scene of the homicide for the purpose of holding an inquest. The plaintiff was called over the telephone by the sheriff of the county, who advised him that Paddock desired to see him. After a moment's conversation with the prisoner he left the jail for the purpose of attending the inquest, which was held at a late hour in the night season. On the next morning the plaintiff again visited Paddock in the jail. From the testimony of Honorable W. G. Sears, one of the judges of the district court for Burt county, it is shown that he was in the jail at the time for the purpose of a conference with the sheriff, and that he was called into that portion of the jail where Paddock was confined, and it was there stated, either by Paddock or the plaintiff, that Paddock was about to execute a note for the sum of $1,000, payable to the plaintiff, in consideration of which the plaintiff was to represent the accused in whatever courts the case might appear and defend him against the charge of murder; that the sum of $1,000 was to be in full for all services so performed; that Paddock desired a witness to the agreement, and Judge Sears was asked by the accused whether the contract was binding and the plaintiff could recover more than the sum of $1,000 for his services; after being assured, both by Judge Sears and the plaintiff, that no more than $1,000 could be collected on the contract, the note was executed. The plaintiff delivered to the accused a written memorandum, signed by himself, containing the substance of the agreement.

It is urged on behalf of the estate that the contract of employment was entered into on the evening of November 27, and that the contract for the fee after the relationship

of attorney and client is established is presumably fraud-
ulent, and that no recovery can be had in excess of the
value of the services rendered. There is testimony in the
record tending to show that the amount of fee agreed
upon for the services which the plaintiff agreed to perform
was not unreasonable, and it is in effect conceded upon the
argument that the contract in that respect was not unjust.
Under that state of facts the case should have been sub-
mitted to the jury with proper instructions to determine
when the contract of employment was in fact made,
whether the fee agreed upon was reasonable, and the
amount, if any, which the plaintiff should recover.

It is therefore recommended that the judgment of the
district court be reversed and the cause remanded for
further proceedings according to law.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is reversed and
the cause remanded for further proceedings according to
law.

REVERSED.