Von Knuth v. Ryan.

---

CHRISTIAN H. VON KNUTH, APPELLEE, v. J. B. RYAN, APPELLANT.

FILED DECEMBER 21, 1921.  No. 21613.

1. **Appeal:** DIRECTION OF VERDICT. When the evidence upon a question of fact material to the issue is conflicting, and such that reasonable minds might reach different conclusions, the question is one for the jury, and it is error for the court to direct a verdict.

2. **Vendor and Purchaser:** OPTION: WITHDRAWAL. An option to purchase land given without consideration may be withdrawn at any time before acceptance, upon giving notice to the other party thereto, but an option founded upon a valuable consideration cannot be withdrawn before the time specified therein has expired.

3. ——: ——: ——: ACCEPTANCE. An option to sell land, without consideration or with no time specified in the instrument

within which the option must be accepted, may be revoked at any time by the giver of the option upon notice to the holder of the option before acceptance. The offer, when accepted, constitutes a contract of sale; and the same result flows from the acceptance of the option without consideration, if accepted before the option is withdrawn or revoked.

4. ——: ——: ——. If an option to purchase or sell certain land is revoked by the giver of the option, the consent of the holder of the option is not necessary to a revocation. Notice of a *bona fide* sale by the giver of the option to a third person brought to the holder of the option before acceptance by him constitutes revocation.

5. ——: ——: ——. "A mere option for the purchase of land, indeterminate as to time * * * is terminable at any time upon reasonable notice by the vendor." *Stone v. Snell,* 77 Neb. 441.

6. **Contracts:** Avoidance. Courts do not permit one to avoid a contract into which he has entered on the ground that he did not attend to its terms, that he did not read the document which he signed, that he supposed it was different in its terms, or that it was a mere form.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Reversed.*

*Abbott, Rohn & Robins* and *John L. Cutright,* for appellant.

*Baldrige & Saxton* and *Viggo Lyngby, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., GRAVES and WELCH, District Judges.

GRAVES, District Judge.

This action was commenced in the district court for Dodge county by Christian H. Von Knuth, who is appellee, against J. B. Ryan, the appellant, for the recovery of $800 and interest, as damages arising out of the alleged failure of Ryan to perform the terms of a certain option contract. The trial was to a jury, and at the close of the evidence the plaintiff moved the court to direct a verdict in his favor, which motion was sustained, and there was a verdict and judgment accordingly. Defendant appealed

to this court. Subsequent to the trial the plaintiff, Von Knuth, died, and the action was revived in the name of Paul Peterson, his administrator.

The chief error relied upon by the defendant is the action of the trial court in refusing to submit the case to the jury under proper instructions and directing the jury to return a verdict for the plaintiff.

The petition alleges, in substance, that on the 12th day of July, 1919, the defendant was the owner of a certain 80 acres of land, and that on said day defendant entered into a certain written optional contract with plaintiff, wherein he agreed to convey the real estate to plaintiff, or any person designated by plaintiff, in consideration of the price of $12,000. The contract is set out in the petition, and the option is for a period of 90 days, recites a consideration of $1, and provides for a cash payment of $1,500 at the time of the sale, the assumption of a mortgage of $6,400, and a payment of $4,100 cash on March 1, 1920. The petition alleges, further, that in pursuance of the agreement above mentioned plaintiff sold said premises to one C. G. Miller on the 14th day of July, 1919, and immediately entered into a written contract for the sale of the same with C. G. Miller, who thereupon, it is alleged, made a payment to Von Knuth of $1,500 in cash on the purchase price; that immediately upon making the sale aforesaid, it is alleged, appellee made diligent effort to communicate with defendant in order to advise him of said sale and notify him to furnish an abstract and execute a deed, but that plaintiff was unable to find him; that on the 15th day of July, 1919, plaintiff advised defendant of the sale aforesaid, and of his election to take under said option contract, by telegram from Omaha, a copy of which telegram is set out in the petition; that shortly thereafter plaintiff tendered to defendant the initial cash payment of $1,500 and demanded that defendant carry out the terms of his agreement, but that defendant absolutely and unconditionally refused, and has ever since refused, to comply with his

agreement; that prior to the expiration of the contract between plaintiff and defendant aforesaid, and prior to the expiration of the 90-day option period therein provided, defendant sold the land described to a third person, and thereby incapacitated himself from performing his contract with plaintiff, and placed himself in a position whereby he could not comply with his contract, and thereby repudiated it; that, by reason of the foregoing, plaintiff has sustained damages in the sum of $800 and interest from July 15, 1919, for which he prays judgment.

The defendant by his answer denies each and every allegation contained in the plaintiff's petition, except such allegations as are specifically admitted, and admits that on the 12th day of July, 1919, he was the owner of the land described, and further admits that on the 14th day of July, 1919, he sold the aforesaid lands to one Hans McTeason, but denies that at any time he ever entered into an option contract with plaintiff, and denies that he ever signed the instrument, a copy of which is set out in the plaintiff's petition, and alleges that he never signed any contract or written instrument with plaintiff covering said real estate. He admits that he jotted down the terms of sale on a piece of paper and signed his name thereto, but denies that he ever received the consideration expressed in the alleged option agreement, or. any consideration whatever, and denies that there was an option period of 90 days in the instrument when signed, or that he authorized plaintiff to insert said period of 90 days in the contract, and denies that plaintiff ever paid or offered to pay him the sum of $1,500, or any sum, as a first payment, and denies that the alleged sale to Miller of said land was *bona fide,* and prays for a dismissal of the action.

The reply is a general denial of all new matter set out in defendant's answer.

The pleadings clearly raise the issues: First, that there was no consideration paid for the option contract sued upon; second, that there was no period of option

stated in the contract at the time of the signing of the same; and, third, that the plaintiff, Von Knuth, did not make a *bona fide* sale of the property to C. G. Miller, as alleged, and had actual notice that the land had been sold to McTeason before he (Von Knuth) notified Ryan that he accepted the option.

From a careful consideration of the record, we find that there is a conflict in the testimony as to whether any consideration was paid, and as to the period. of the option, as well as to the *bona fides* of the alleged sale by the plaintiff to C. G. Miller.

As to the payment of the dollar consideration, the record discloses the acknowledgment thereof in the option contract; that plaintiff and his wife testified the consideration was paid, and that the defendant positively denied its payment.

As to the figures and word "90 days" being in the option contract at the time the same was signed by defendant, the record discloses the denial by defendant. The testimony of the witness Debel, an attorney of Blair, Nebraska, is that upon request of Von Knuth, about the middle of July, although not positive of exact date, he wrote into the option contract the description of the land, and the word "days," but is not certain that the figures "90" are in his handwriting, but thinks they are. Plaintiff states positively that he wrote in the figures and word "90 days" before the option contract was signed.

As to the *bona fides* of the sale by plaintiff to C. G. Miller, the testimony of the plaintiff and Broderson agree that about 5 o'clock p. m., July 15, the plaintiff met the witness, Paul Broderson, on the highway near the Ryan eighty, in Washington county, at which time they talked about the sale of the land, and Broderson told plaintiff that he and his son-in-law, McTeason, had already purchased the land. Their testimony is conflicting as to what else was said at that time. Broderson testifies that, when he told plaintiff that McTeason had already bought the Ryan eighty, plaintiff replied that "Ryan" could not

sell it. Plaintiff denies that he so replied, but claims to have told Broderson "that he (Ryan) couldn't sell it; I had an option on the farm and it was sold." The record discloses that the night letter sent by plaintiff to defendant, notifying him of the acceptance and sale to Miller, was received for transmission during the night of July 15, 1919, and the letter and envelope addressed by C. G. Miller to defendant, dated July 14, 1919, was postmarked 12 p. m., July 15, 1919, about seven hours after the conversion in which Broderson informed plaintiff that the land had been sold to McTeason.

"Where the evidence upon a question of fact material to the issue is conflicting, and such that reasonable minds might reach different conclusions, the question is one for the jury, and it is error for the court to direct a verdict." *Gillis v. Paddock,* 77 Neb. 504. Also, *Tarnoski v. Cudahy Packing Co.,* 85 Neb. 147; *Doyle v. Franek,* 82 Neb. 606; *Union Nat. Bank v. Moomaw,* 106 Neb. 388.

We find no evidence of fraud in the inception of the option contract. Appellant admits that the terms of sale in the option contract, and the signature thereon, were in his handwriting. Hence, he is bound by the terms of the option contract as it was when signed.

"Courts do not permit one to avoid a contract into which he has entered on the ground that he did not attend to its terms, that he did not read the document which he signed, that he supposed it was different in its terms, or that it was a mere form." 9 Cyc. 389.

If the contract was without consideration, or no period fixed within which to exercise the option, then the giver of the option had the right to withdraw the option upon notice to holder of the option. 10 R. C. L. 687, sec. 18; 27 R. C. L. 340, sec. 37; 6 R. C. L. 603, sec. 26; *Jester v. Gray,* 188 Ia. 1249; *Cummins v. Beavers,* 103 Va. 230, 106 Am. St. Rep. 881; *Stone v. Snell,* 77 Neb. 441.

Want of consideration may be shown, even though the contract acknowledges the receipt of one dollar. *Gray-*

*bill v. Brugh*, 89 Va. 895, 37 Am. St. Rep. 894; *Cummins v. Beavers, supra.*

To effect a revocation of a revocable option to purchase, it was only necessary that notice of sale by the giver of the option be brought to the holder of the option before acceptance. No particular formality is required to revoke an option to purchase which in fact is revocable. *Jester v. Gray, supra; Frank v. Stratford-Handcock,* 13 Wyo. 37, 110 Am. St. Rep. 963.

If the option .is revocable, notice to the holder of the option of the sale by the giver of the option to McTeason before acceptance of the option is notice of withdrawal of the option. 6 R. C. L. 603-605, secs. 26, 27; *Wullenwaber v. Dunigan,* 30 Neb. 877; *Mooney v. Daily News Co.,* 116 Minn. 212.

It follows that the action of the trial court in directing a verdict for the plaintiff was error for which its judgment should be reversed; and said judgment is, therefore, reversed and remanded for further proceedings.

REVERSED.