FARMERS STATE BANK OF BLAIR, APPELLEE, v. NOAH J. PETERSON, APPELLEE: OSCAR PETERSON, APPELLANT.

FILED JULY 1, 1925. No. 23168.

1. **Bills and Notes: PLEA OF PAYMENT: LACK OF EVIDENCE: INSTRUCTION.** The first defense pleaded, viz., payment of the note in suit, lacked sufficient evidence to sustain it and the court properly withdrew it from the consideration of the jury.

2. **Appeal:** DIRECTION OF VERDICT. "When the evidence upon a question of fact material to the issue is conflicting, and such that reasonable minds might reach different conclusions, the question is one for the jury, and it is error for the court to direct a verdict." *Von Knuth v. Ryan,* 107 Neb. 351.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Reversed.*

*J. A. Douglas,* for appellant.

*Gaines, Van Orsdel & Gaines* and *M. L. Donovan, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, THOMPSON and EVANS, JJ., and SHEPHERD, District Judge.

MORRISSEY, C. J.

This action was commenced in the district court for Douglas county to recover the balance alleged to be due plaintiff upon a promissory note in the amount of $7,000, given by defendants to plaintiff.

The petition alleged that plaintiff is a banking corporation; that the note in suit was made and delivered August 4, 1920; that the sum of $3,282.24 had been paid thereon, and concluded with a prayer for the balance alleged to be due. Defendant Oscar Peterson filed an answer, in which he admitted the corporate character of plaintiff, and, that he and his codefendant, Noah Peterson, on the date alleged, signed a promissory note for $7,000 payable to plaintiff and delivered the note to plaintiff; denied all other allegations of the petition; and alleged that, on or before the date of the note in suit, defendant Noah Peterson was indebted to plaintiff in the sum of $7,000, which indebtedness was evidenced by the promissory note of Noah Peterson for that amount secured by a mortgage on certain personal property; that, in consideration of plaintiff's agreement to release the chattels, defendant Oscar Peterson, together with his codefendant, Noah Peterson, executed the note in suit, which fell due November 29, 1920; that in November, 1920, defendant gave his son, Noah Peterson, two checks with which to pay the note; that Noah Peterson deposited

one of the checks to his own account in the First National Bank of Stuart, Nebraska, and then delivered to the Packers National Bank of South Omaha, to whom the note had been sent for collection, his personal check on the Stuart bank for the amount deposited therein, and the other check of Oscar Peterson for the balance; that the Packers National Bank, acting under the direction of plaintiff bank, delivered up the note in suit, together with the original note and chattel mortgage executed by Noah Peterson; that the check drawn by Noah Peterson on the First National Bank of Stuart was subsequently protested for nonpayment, which fact was not brought to the attention of defendant Oscar Peterson until September, 1921, at which time Noah Peterson was insolvent; that by reason of the laches of plaintiff it should not be permitted to maintain this action.

As a further defense, defendant pleaded an accord and satisfaction based upon an alleged agreement whereby Noah Peterson gave a new note to plaintiff for the amount of the protested check, and later returned to plaintiff his original note for $7,000, together with the chattel mortgage securing the same. It is alleged that this agreement was fully executed and defendant was thereby released and discharged from any liability upon the note in suit.

By way of reply, plaintiff denied defendant's defense which is based upon payment and cancelation of the note, and alleged that the original note was delivered to defendant through mistake and on account of the fraud of Noah Peterson, who in the reply is designated "agent and co-defendant" of Oscar Peterson. All allegations of defendant's defense based upon an agreement alleged to have been made between plaintiff and Noah Peterson subsequent to the surrender of the note are denied. Defendant Noah Peterson defaulted.

The cause was tried to a jury, and at the conclusion of the testimony plaintiff moved for a directed verdict, or that the court discharge the jury and enter judgment for plaintiff. This motion was sustained, and the court entered judgment for plaintiff in the amount of $4,249.76, with interest and costs.

The one assignment of error made by appellant, Oscar Peterson, which seems most important is that "the court erred in not submitting the case to the jury."

Defendant pleaded two defenses: First, that the note in suit had been canceled and surrendered by the holder. In support of this defense, appellant introduced the note in suit, signed by himself and his codefendant, which note was marked "Paid." Noah Peterson testified that, when he went to the Packers National Bank to pay the note, an officer of the bank refused to accept the checks he offered as payment until they had been approved by plaintiff; that thereupon this officer of the Packers National Bank called one Gibson, then an officer of plaintiff bank, by long distance telephone, and was directed by him to accept the checks, to cancel the note, and to deliver it, together with the original note signed by Noah Peterson and the chattel mortgage, to Noah Peterson. This conversation is admitted by Gibson, but it is claimed that he was induced to give such direction by the fraud and misrepresentation of Noah Peterson, who was acting for himself and as agent for his codefendant, Oscar Peterson. The defense of payment is without sufficient competent evidence to sustain it and the court correctly withdrew it from the jury.

Has defendant Oscar Peterson been released by an accord and satisfaction between his comaker and the holder of the note? This defense is based upon the alleged agreement made between Noah Peterson and Gibson, then president of plaintiff bank, that the former should give plaintiff his personal note for the amount of the protested check, heretofore mentioned, and return his original note and the chattel mortgage given to secure its payment. The testimony of both parties shows that a new note was given and the original note and chattel mortgage were returned to plaintiff, and the amount which had been paid upon the note here in suit was indorsed upon the indebtedness. As to the terms and conditions of this arrangement, there is such dispute in the evidence that reasonable minds may draw different conclusions. "When the evidence upon a

question of fact material to the issue is conflicting, and such that reasonable minds might reach different conclusions, the question is one for the jury, and it is error for the court to direct a verdict." *Von Knuth v. Ryan*, 107 Neb. 351.

The judgment is reversed and the cause remanded.

REVERSED.