T. H. GAITHER v. HASCALL-RICHARDS STEAM GENERATOR COMPANY.

*Lease of Building — Warranty— Trial—Instructions—Verdict of Jury, Impeachment of.*

1. The law, in leases, does not imply any warranty as to the quality or condition of the leased premises.

2. Where, in the trial of an action for the rental of buildings which the lessee had abandoned for the alleged reason that, on account of the rising of water in the basement, the condition of the premises endangered the health of defendant's agents and employees, and that plaintiff was aware of but concealed the defect from defendant's agent, who contracted the lease, the trial Judge instructed the Jury that, if they should not believe that the condition of the basement became a nuisance, they should find for the plaintiff; *Held*, that such instruction was not objectionable as including the submission of a question of law to the jury when it was preceded in the charge by the statement that, if the basement became wet and its condition injurious to the health of the occupants of the building, then it was, in law, a nuisance

3. Where a jury retired at 11 a. m., to consider of their verdict, which was returned at 3 p. m., such verdict cannot be impeached because the Sheriff declined to give them refreshments, except water, until they agreed on a verdict, or until the Judge should tell him to take them to dinner

CIVIL ACTION, tried before *Brown, J.,* and a jury at March Term, 1897, of MECKLENBURG Superior Court, on appeal from the Court of a Justice of the Peace. There was a verdict for the plaintiff and the defendant appealed from the judgment thereon for the reasons assigned in the opinion of the Court.

*Mr. H. W. Harris,* for appellant.
*Messrs. Clarkson & Duls,* for appellee.

GAITHER *v.* GENERATOR COMPANY.

FAIRCLOTH, C. J.:   On July 1, 1896, the plaintiff let to the defendant the first floor and basement of a certain building at an agreed price for one year.   The basement was then dry and in good condition.   The defendant alleges that, in September and October next, water arose in the basement floor and its condition "became such as to injure and endanger the health of the defendant's agent and employees who worked on the floor above;" that plaintiff knew the basement had been a wet cellar but concealed this serious defect from the defendant's agent.   The defendant abandoned the premises on October 31, 1896, and refused to pay rent any longer, for which this action is brought.   Each party introduced evidence to show the condition of the cellar before, at and after the date of the lease, and the jury rendered a verdict in favor of the plaintiff.   His Honor instructed the jury as follows:

"If the jury find from the evidence that the basement had, before the execution of the lease, been a wet cellar and the plaintiff knew this fact but fraudulently concealed it from defendant at the time of making the contract, and that the basement afterwards became wet and its condition injurious to the health of defendant and its agents—in other words a nuisance—and that defendant, through reasonable fears of injury to health, abandoned the premises on that account, then defendant would not be liable for rent, and the jury should answer the issue "No."   But, if the jury should not find from the evidence that the basement had been a wet cellar before, or that plaintiff had knowledge of it and concealed it from the defendant, or, if they should not believe that the condition of the basement became a nuisance or that defendant left the premises through reasonable fears of injury to health, but on some other account, then they should answer the issue "Yes," and, in that event should find what amount is due."   Defendant moved for a new

121—49

trial on the grounds: 1. That the Court erred in using the word nuisance as set forth above in that portion of the charge which is made a part of the case. 2. That while the jury were considering the verdict the officer in charge of the jury, without any order from the Clerk, denied them any refreshments, except water, for a long time and, in answer to their requests for dinner, informed them a number of times that they would have to wait until they agreed on a verdict, whereby the jury were induced to consent to a verdict.

The first exception is that the Court submitted a question of law to the jury, when in the latter part of the charge he told them "or if you should not believe that the condition of the basement became a nuisance." · This would seem so, but for the previous part of the charge where he told the jury that if the basement became wet and its condition injurious to the health of the defendant and its agents, then it was in law a nuisance. The condition of the basement was the fact for the jury to find, and when it was found by the jury the Judge announced the law accordingly. There was no express warranty as to the condition of the cellar and the law, in leases, does not imply any warranty as to the quality or condition of the leased premises. Taylor on Landlord and Tenant, Section 381.

The jury retired at 11 o'clock, a. m., and rendered their verdict at 3 p. m. In the meantime they were in charge of the Sheriff, who declined to give them refreshments, except water, and told them they must wait until they agreed on a verdict, or until the Judge told him to take them to dinner. This matter is regulated by *The Code*, Section 1736, and Chapter 44, Acts 1889; and we see nothing in the conduct of the Sheriff prejudicial to the defendant's rights.

Affirmed.