ELLEN DOYLE, APPELLANT, V. JOHN FRANEK, APPELLEE.

FILED NOVEMBER 6, 1908. No. 15,295.

1. **Trial:** DIRECTING VERDICT. In a law action it is error for the trial court to direct a verdict for either of the parties on an issue of fact on which the evidence is conflicting. Such issue should be submitted to the jury for its determination.

2. **Landlord and Tenant:** INJURY: LIABILITY OF LANDLORD. As a general rule a landlord is liable in damages for personal injuries sustained by his tenant in consequence of the leased premises being rendered dangerous and unsafe by an independent contractor in the performance of a contract with the landlord.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*Wells & Riley,* for appellant.

*James W. Hamilton* and *Henry E. Maxwell, contra.*

GOOD, C.

Plaintiff brought this action to recover damages for personal injuries alleged by her to have been sustained by reason of defendant's negligence. The material allegations of plaintiff's petition are, in substance, that on August 7, 1905, and for several months immediately prior thereto, she was a tenant of defendant and in peaceable possession of a certain dwelling-house situated in the city of South Omaha, which was owned by the defendant; that defendant, without plaintiff's consent, undertook to remove the said dwelling-house to another location, and in preparing the house for removal took away the front

steps to the house, which were used by the plaintiff in passing in and out of the house, and that defendant immediately after replaced the steps, but negligently and carelessly neglected and failed to fasten the steps as they had been theretofore, and left them unfastened and insecure, and in an unsafe and dangerous condition; and that plaintiff, without any knowledge of the unsafe condition of the steps, and supposing them safe as they had been theretofore, while passing from the house and over said steps, did, by reason of the negligence of the defendant, sustain the injuries complained of. The defendant answered by a general denial. After the evidence was taken the trial court directed a verdict for defendant. Plaintiff has appealed.

This action was brought and based upon the theory that the relation of landlord and tenant existed between the parties, and the verdict for defendant seemed to have been directed upon the theory that there was not sufficient evidence to sustain plaintiff's contention in that regard. It appears from the record that in 1904 the plaintiff and her husband, Edward Doyle, and their minor children lived together as one family. Plaintiff's husband at that time was in the employ of a packing-house, earning wages with which he supported his family. The premises in controversy were then owned by one McDonald. Mrs. Doyle made arrangements with McDonald's agent for the occupancy of the house. She testified that she rented the premises from McDonald's agent. It is conceded that she paid rent to the agent. Receipts for the rent were issued by McDonald's agent and delivered to Mrs. Doyle. The receipts recited that the rent was paid by Edward Doyle. McDonald, the owner of the premises, having died, an agent acting for his estate collected the rent for a time. This agent testified to the fact of collecting the rent, but is uncertain whether it was paid by Mr. Doyle or Mrs. Doyle. He had the property listed on his books as rented to Edward Doyle. Defendant purchased the property at administra-

tor's sale, and thereafter his agent collected rent from Mrs. Doyle. It appears that no new lease or arrangement was made for the occupancy of the premises either by Mr. or Mrs. Doyle after they entered pursuant to the arrangement made with the agent of McDonald. The rent was not kept promptly paid, and defendant instituted an action of forcible detainer against Edward Doyle to recover possession of the premises. In this action he had judgment for restitution. After this judgment was entered, but before any attempt was made to execute it, Doyle died. Mrs. Doyle received the injuries of which she complained subsequently to Doyle's death. The record also discloses that the defendant had let a contract to a third party to remove several buildings, including the one in controversy, and that defendant personally had no knowledge of and nothing to do with the removal and replacing of the steps. It appears that they were removed and replaced by one of the employees of the contractor.

The defendant contends that the premises were originally leased to Mr. Doyle, and not to Mrs. Doyle, and that the judgment in the action for forcible detainer was conclusive upon the rights of Mrs. Doyle to occupy the premises, and also contends that, even had she been the tenant of the defendant at the time she received the injury, the defendant was not liable because the negligence which caused her injury was that of an independent contractor, and not that of defendant. It will be conceded that, if the premises were originally leased to Mr. Doyle, then the judgment in the action for forcible detainer was conclusive upon the rights of Mrs. Doyle, and that she was thereafter a trespasser while she remained in the dwelling-house. Upon the other hand, if Mrs. Doyle was the original tenant, then it seems clear that the action of forcible detainer against her husband could have no effect upon her rights to occupy the premises. She was not a party to that action, and as to her the judgment was a nullity. It becomes important, therefore, to determine whether or not the premises were originally leased to Mr.

Doyle or to Mrs. Doyle. The evidence on this point is meager, and not at all satisfactory. However, Mrs. Doyle testified that she rented the premises and paid the rent. In this she is corroborated by the agent of McDonald, who owned the property when the lease was made. She is also corroborated to some extent by other testimony. There is other evidence in the record which would indicate that the premises had been leased to Mr. Doyle. But this evidence is not so clear or so overwhelming as to compel a finding to that effect. It was a question of fact as to whether the lease was made to Mrs. Doyle or to her husband. On this question the evidence was in conflict, and there was, in our opinion, sufficient evidence that the premises were originally leased to Mrs. Doyle to require that question to be submitted to the jury for its determination.

The defendant argues that because the steps were removed and replaced by an independent contractor, without any direction from or knowledge of the defendant, he is thereby relieved from liability. It is urged that the negligence complained of was not the neglect of the defendant, but that of an independent contractor. We do not think this contention is sound. Conceding that the relation of landlord and tenant existed between the parties to this action, we think it is clear that the landlord is not relieved of liability for injury to his tenant by the fact that he employed an independent contractor to perform the work of moving the house. So long as the relation of landlord and tenant existed between the parties, the landlord owed a duty to the defendant not to do, or cause to be done, anything which would render the premises dangerous and unsafe for his tenant. Where one owes an absolute duty to another, he cannot acquit himself of liability by delegating that duty to an independent contractor. *Pittsfield Cottonwear Mfg. Co. v. Pittsfield Shoe Co.*, 71 N. H. 522, 60 L. R. A. 116; 16 Am. & Eng. Ency. Law (2d ed.), 200. In *Peerless Mfg. Co. v. Bagley*, 126 Mich. 225, 53 L. R. A. 285, it was held: "Where a landlord

42

undertakes to make repairs or improvements for his tenant, he cannot relieve himself of the consequences of neglect in the performance of his agreement by employing an independent contractor." In *Lambert v. Hamlin*, 73 N. H. 138, it was held that a landlord is liable for the removal of door steps while repairing underpinning without notice to tenants. It is no defense to the action that the steps were removed and replaced by an independent contractor employed by defendant. He cannot thus avoid liability.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.