R. O. MERCER, ADMINISTRATOR, v. ELLA K. WILLIAMS, EXECUTRIX, ET AL.

(Filed 23 September, 1936.)

**1. Appeal and Error B b—**

The theory of trial in the lower court is controlling on appeal.

**2. Negligence A c—Ordinarily, lessor is not liable to lessee for injuries resulting from disrepair of premises.**

The evidence tended to show that plaintiff's intestate, a lessee of the premises, was injured and killed when a part of a parapet wall on top of

the leased premises fell through the roof and the two intervening floors of the building and crushed intestate while he was on the first floor of the building, that the wall had been weakened by a fire which had destroyed the adjacent building 48 days previously, and that the wall was blown over in a severe windstorm. *Held:* In the absence of allegations and evidence that the lessors failed to give notice of known or latent defects, or that lessors failed to repair the premises in breach of a covenant to repair, defendants' motion to nonsuit was properly sustained.

**3. Landlord and Tenant B c—**

Under the common law rule obtaining in this jurisdiction, a lessor is under no implied covenant to repair the premises.

**4. Negligence A c—**

The general rule is that a landlord is not liable to his tenant for personal injuries sustained by reason of a defective condition of the demised premises unless the landlord contracts to repair and the tenant is injured as a result of work negligently done in the landlord's undertaking to repair.

APPEAL by plaintiff from *Cowper, Special Judge,* at May Term, 1936, of PASQUOTANK.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the negligent failure of defendants to repair leased premises in breach of covenant to repair, or to give notice of known defects.

In September, 1933, plaintiff's intestate and D. D. Dudley leased from P. H. Williams and Mrs. Eldora Sharber a three-story brick building in Elizabeth City, known as the Kramer Building, for the purpose of conducting a retail hardware business therein, under the name of Carolina Hardware Company. "The contract was oral. They rented the building at $35.00 a month in advance and they were to do all the necessary repairs."

Adjoining and bounding the Kramer Building on the north was the Flora Building. The roof of the Flora Building was 10 or 12 feet higher than the roof of the Kramer Building, and, by permission of the owners, there was superimposed upon the top of the northern wall of the Kramer Building a "parapet wall" from 8 to 14 feet in height.

On 10 February, 1934, the Flora Building was destroyed by fire, and the parapet wall, above mentioned, was left standing in a weakened and damaged condition.

On 20 March, 1934, during a severe windstorm, a section of this parapet wall, near the center and approximately ten feet square, collapsed upon the roof of the Kramer Building, crashed through said roof and the two intervening floors, fell upon plaintiff's intestate and killed him, who, at the time, was on the first floor of the leased premises.

Shortly after the fire, and again fifteen or twenty days later, the chief of police and assistant building inspector of Elizabeth City, in the discharge of his duties, examined the parapet wall in question and reported to Mr. Williams that·"the wall was all right and safe and there was not any danger in it." In the meantime, however, the defendants had filed claim with the insurance company for $700, contending that the parapet wall would have to come down. This claim was finally adjusted for $200.

From judgment of nonsuit entered at the close of all the evidence, plaintiff appeals, assigning errors.

*MacLean, Pou & Emanuel, M. B. Simpson, and R. Clarence Dozier for plaintiff, appellant.*

*Thompson & Wilson and McMullan & McMullan for defendants, appellees.*

STACY, C. J. In view of the trial theory of the case, which is controlling on appeal (*In re Parker*, 209 N. C., 693, 184 S. E., 532), it is not perceived, upon the allegations presently appearing, how the defendants can be held liable for plaintiff's intestate's death, unfortunate and distressing as it was. The allegation of negligent failure to repair the demised premises, in breach of a covenant to do so, is not made out. *Improvement Co. v. Coley-Bardin*, 156 N. C., 255, 72 S. E., 312. Nor is it established by the evidence that the defendants negligently omitted to give notice of known or latent defects. *Gaither v. Generator Co.*, 121 N. C., 384, 28 S. E., 546.

The plaintiff relies upon the unusuality of the situation and concedes that the general rule of liability as between landlord and tenant is not so favorable to a recovery. *Hudson v. Silk Co.*, 185 N. C., 342, 117 S. E., 165. Indeed, the cases of *Tucker v. Yarn Mill*, 194 N. C., 756, 140 S. E., 744, and *Fields v. Ogburn*, 178 N. C., 407, 100 S. E., 583, would seem to be sufficiently in point and illustrative of the principles involved to preclude a disturbance of the judgment of nonsuit.

At the common law, which obtains in this jurisdiction, a lessor is under no implied covenant to repair, or to keep in repair, the demised premises. *Improvement Co. v. Coley-Bardin, supra.* And even with an express agreement to repair, liability for personal injuries to the tenant, his family, servants, or guests, sustained by reason of its breach, is ordinarily held to be beyond the terms of such agreement and not within the contemplation of the parties. *Jordan v. Miller*, 179 N. C., 73, 101 S. E., 550. Damages arising from such injuries are usually regarded as too remote, whether the action against the landlord be in contract or in tort. 16 R. C. L., 1095. The general rule is, that a

landlord is not liable to his tenant for personal injuries sustained by reason of a defective condition of the demised premise, unless there be a contract to repair which the landlord undertakes to fulfill and does his work negligently to the injury of the tenant. *Fields v. Ogburn, supra; Colvin v. Beals,* 187 Mass., 250.

The facts alleged and shown are not sufficient to take the case out of the general rule, hence on the record as presented, we are of opinion the judgment of nonsuit was properly entered.

Affirmed.