RALPH E. STEVENS, APPELLEE, V. R. E. FALL: CHARLES P. DAVIS, APPELLANT.

276 N. W. 401

FILED DECEMBER 10, 1937. No. 30090.

*Dent & Deakins*, for appellant.

*Hoagland, Carr & Hoagland* and *Kelley & Kelley*, contra.

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and KROGER, District Judge.

EBERLY, J.

This is an action on account for intoxicating liquors sold and delivered, brought by Ralph E. Stevens, as plaintiff, a duly licensed and qualified wholesale liquor dealer, against defendants R. E. Fall and Charles P. Davis, who, it is alleged, are "a partnership organized and doing business in the city of North Platte, Nebraska, as retail liquor dealers, and are operating said liquor retail business in the city of North Platte, Nebraska, under the firm name of 'The Alamo.'" Plaintiff further alleges "that during the period from September 10, 1935, to December 30, 1935, the defendants and each of them purchased from the plaintiff certain merchandise at the fair, reasonable and agreed value of $2,601.17, and during said same period of time said defendants made total payments to this plaintiff on said merchandise of $2,226.87, leaving a balance due from the defendants and each of them to the plaintiff herein in the amount of $374.30," for which, with interest, judgment is prayed.

To this petition the defendant Charles P. Davis answered separately, (1) denying generally the averments of plaintiff's petition; (2) denies that he was ever associated in a partnership with defendant R. E. Fall; (3) admits that plaintiff was engaged in the business of a wholesale liquor dealer as alleged; (4) alleges the giving of notice to plaintiff that he would not be responsible for merchandise sold R. E. Fall at McCook, Nebraska, but that notwithstanding such notice plaintiff extended credit to R. E. Fall and sold goods, wares and merchandise to R. E. Fall; and (5) further alleges that the merchandise sold to R. E. Fall which is the subject-matter of this suit was sold to R. E. Fall and delivered by plaintiff to him at McCook, Nebraska, and was never delivered to defendant's place of business or to this defendant; that plaintiff sold the same to R. E. Fall well knowing that the said Fall was taking the same to the state of Kansas for unlawful sale.

To this answer, the plaintiff filed a reply which was, in substance, a general denial.

At the conclusion of all the evidence the plaintiff moved for a directed verdict for the items in suit, "for the reason the evidence in this case conclusively shows the defendant Charles P. Davis is responsible for the goods, wares and merchandise delivered by the plaintiff under license No. 1004 in the name of R. E. Fall." This motion was sustained and judgment entered in favor of the plaintiff and against Charles P. Davis for the sum of $381.75 and interest as by law provided. From the order of the trial court overruling his motion for a new trial, Davis appeals.

It may be said that evidence in the record, though contradicted in part, if believed, established that in September, 1935, at the instance of Charles P. Davis who furnished the money necessary for the purpose, R. E. Fall secured a state license as a retail dealer in intoxicating liquors, in his own name, at North Platte, Nebraska. A stock of intoxicating liquors was purchased by use of funds of Davis, and the Alamo liquor store, a business of selling liquors at retail, was commenced and carried on (under cover) by Davis ostensibly pursuant to such license in Fall's name. The license so granted R. E. Fall was framed and hung in plain view and in a conspicuous place on the licensed premises. Fall worked at this place, as employee of Davis, but had no interest whatever in the stock of liquors. Davis owned and controlled it and Fall received as compensation for his services 25 per cent. of the net profits of the business transacted. In November, 1935, Davis notified the plaintiff, through the latter's authorized representative, Mr. Bozarth, not to sell or deliver any more liquors to R. E. Fall. The testimony of Davis, on this subject is, in part: "Q. What was the nature of that conversation? A. I told Mr. Bozarth not to give Mr. Fall any liquor, that I wouldn't pay for it if he did. Mr. Fall was starting to running it down into Kansas prior to November and I notified all the liquor houses I had done any business with not to let Mr. Fall have any liquor on credit. Q. And did you notify

Mr. Bozarth here in November of that? A. Yes, sir."

On December 3, 1935, R. E. Fall was discharged by Davis, and his relations with the Alamo liquor store wholly severed. After that date the liquors in suit were purchased from plaintiff by R. E. Fall, and were by him personally received at the warehouse of plaintiff in McCook, Nebraska, and not at the Alamo liquor store in North Platte. There is ample evidence in the record, if believed, which establishes as a fact that the liquors in suit were neither received nor appropriated by or for the benefit of Davis.

"In an action on account for goods sold and delivered, where the purchase and receipt of the goods are denied, the burden is on the plaintiff to prove such sale to the defendant." *Hirsch Distilling Co. v. Roach,* 92 Neb 624, 138 N. W. 1131.

If certain evidence in the record is to be believed, the plaintiff had ample notice of want of authority on part of Fall to bind Davis in liquor transactions at the time the liquors in suit were delivered to Fall in December, 1935, and that all actual authority to bind Davis had ceased.

The rule is that, if a third person has notice of a limitation or termination of an agent's authority, he cannot subject the principal to liability upon a transaction with the agent in violation of such limitation or after such termination. Nor is the doctrine of an illegal transaction a justification of the trial court's direction of a verdict in favor of plaintiff. If Davis was not a legally licensed retailer of liquors, his (plaintiff's) sales of liquor to him must be deemed in violation of law. Evidence, controverted it is true, appears in the record which fully advised plaintiff of the actual situation that then existed, at least at the time of the sale of the liquors in suit.

"Where intoxicating liquors are sold in this state for the purpose of enabling the purchaser to resell them contrary to, or in violation of, the laws of this state, and the vendor has the knowledge of the illegal purpose of the buyer and participates with him in the illegal traffic, the sale is void, and no recovery can be had for the purchase

price of the liquors thus sold." *Storz v. Finklestein*, 48 Neb. 27, 66 N. W. 1020. See, also, *Storz v. Finklestein*, 46 Neb. 577, 65 N. W. 195.

In this connection, it is to be remembered: "A license shall be purely a personal privilege, * * * nor shall it be alienable or transferable, voluntarily or involuntarily." Comp. St. Supp. 1935, sec. 53-327. While a liquor license may be issued to a copartnership (Comp. St. Supp. 1935, sec. 53-328), we have no evidence of such issuance in the instant case, and the license issued as described in the present transaction affords no protection as to sales of intoxicating liquors to Davis by those having notice of the real facts.

Therefore, there being, admittedly, a substantial conflict in the evidence essential to sustain plaintiff's cause of action, the trial court erred in directing a verdict for plaintiff.

We have long been committed to the rule: "In a law action it is error for the trial court to direct a verdict for either of the parties on an issue of fact on which the evidence is conflicting. Such issue should be submitted to the jury for its determination." *Doyle v. Franek*, 82 Neb. 606, 118 N. W. 468. See, also, *Dworak v. Shire*, 126 Neb. 474, 253 N. W. 655.

The judgment of the district court is, therefore, reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.