EARL L. CORYELL, APPELLEE, V. ROBINSON OUTDOOR ADVERTISING COMPANY OF NEBRASKA, APPELLANT.

2 N. W. (2d) 106

FILED JANUARY 30, 1942. No. 31263.

*Max G. Towle* and *C. Russell Mattson*, for appellant.

*Chambers, Holland & Locke*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

The action here by Earl L. Coryell, plaintiff and appellee, is for rent and damages against Robinson Outdoor Advertising Company of Nebraska, a corporation, defendant and appellant. In the action the defendant filed a cross-petition for return of rent. The case was tried to a jury and verdict was returned in favor of plaintiff for $500 rent, and damages in the amount of $50. From this judgment the defendant has appealed.

The record discloses that on August 26, 1936, Earl Coryell Company, a corporation, was lessee in possession of premises on the northwest corner of Fourteenth and N streets in Lincoln, Nebraska. The premises were bounded on the west by a building known as the Freadrich building, and on the north by an alley. On this date a written lease was entered into between Earl Coryell Company and Waller Signs which gave Waller Signs the right to erect and maintain advertising structures and signs on a portion of the north and west sides of the premises in question. The terms of the lease were modified slightly by letters passing between the parties. The lease as modified became effective for a term of five years at an annual rental of $250 a year, payable on September 1 of each year. In 1937 Earl Coryell Company assigned its interest to Earl L. Coryell, and in the same year Waller Signs assigned its lease to the defendant herein. The rent was paid for all except the last two years of the term. On the premises the plaintiff operated a filling station and parking lot.

For his cause of action the plaintiff alleged the failure to pay rent in the amount of $500 according to the terms of the agreement, and further the amount of $50 damages on account of use and occupancy of space in the parking lot without right on the part of the defendant.

The defendant by answer set up the affirmative defense that it was under no obligation to pay the rent for the reason that the plaintiff in March, 1939, prevented the defendant from going upon the premises leased and refused to permit the erection of signs in accordance with the lease

and thus violated the terms thereof, all of which amounted to an eviction. For cross-petition the defendant alleged that it had paid the year's rent which began on September 1, 1938, and ended September 1, 1939, and that by reason of the claimed eviction it is entitled to recover back the rent for one-half of said period or $125.

The pertinent evidence on the claim of plaintiff is not greatly in dispute. The final lease agreement permitted the defendant to use and occupy for its purposes a strip of ground two feet in width on the west side of the premises, extending northward to the alley from a point twelve feet north of the south line. Early in March of 1939, the defendant sent certain of its employees onto the premises to dig holes in which were to be placed concrete anchors, the purpose of which anchors was to hold steel footings for advertising structures to parallel the west line of the premises. Three holes were dug and each extended eastward from the west line approximately 37 inches, which was 13 inches farther east than was allowable under the lease agreement. On his attention being called to the matter the plaintiff refused to permit the employees of defendant to continue with their work. The next day the employees of defendant came back to resume operations. They found that the holes were covered by trucks and automobiles. This was done at the behest of plaintiff to prevent completion of the anchors. Plaintiff refused to allow these vehicles to be removed. Thereupon the defendant abandoned the premises claiming breach of lease and eviction by the plaintiff.

Evidence of the plaintiff is to the effect that he was informed by a representative of the defendant that the structures to be placed on these footings would extend more than two feet from the west line, and that his sole purpose in doing what he did was to prevent erection of structures in violation of the lease agreement. On this point the evidence of the defendant was to the effect that, notwithstanding the width of the anchor holes, and anchors which would have been flush with the ground if completed,

there was no purpose to extend the structures beyond the two-foot limit, and that plaintiff was so informed, but notwithstanding such information he refused permission to continue.

This presented an issue of fact on substantially conflicting evidence. This court has repeatedly held that in a law action tried to a jury, issues of fact on substantially conflicting evidence are triable to a jury under proper instructions. *Doyle v. Franek,* 82 Neb. 606, 118 N. W. 468; *Dworak v. Shire,* 126 Neb. 474, 253 N. W. 655; *Stevens v. Fall,* 133 Neb. 610, 276 N. W. 401. The verdict on this phase of the case finding substantial support in the evidence, and there being no error in the instructions, no reason appears for disturbing the action of the trial court.

It necessarily follows that this disposition of plaintiff's action for rent disposes of defendant's cross-action for refund adversely to it.

We now direct our attention to plaintiff's claim for damages. The plaintiff claims that the defendant dismantled certain of its structures on the north side of the premises and left the material in plaintiff's parking lot where it covered a space sufficient for the parking of four automobiles, and that it remained for a period of eight or ten weeks, and that the rental value of the space was 80 cents a day. The defendant does not question the area covered nor the measure of damage. It only questions the length of time this equipment was allowed to remain. Again this presented an issue of fact on substantially conflicting evidence, so also in this connection the verdict and judgment may not be disturbed.

The judgment of the district court is

AFFIRMED.