CLIFFORD W. CALKINS, APPELLEE, V. RUDOLPH YECHOUT
ET AL., APPELLANTS.

7 N. W. (2d) 715

FILED JANUARY 29, 1943. No. 31417.

S. L. Winters, for appellants.

Young & Williams, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action by Clifford W. Calkins, plaintiff and appellee, against Rudolph Yechout, Antonia (Antonette) Yechout, Anna M. Yechout and Joseph F. Yechout, defendants and appellants. The action is, first, for damages for breach of an alleged agreement whereby defendants engaged the plaintiff, a licensed real estate broker, to obtain a tenant and to negotiate a lease for a term of years for premises owned by defendants, which premises were situate in that part of Omaha, Douglas county, Nebraska, known as Benson; second, for damages for alleged breach of agree-

ment with one James T. Allan, an architect, to pay for preparation of plans, drawings and architectural work necessary to remodeling the building on the premises referred to, which cause of action was assigned to the plaintiff; and, third, for expense incurred by plaintiff which was authorized by the defendants.

The action was tried to a jury. A verdict was returned in favor of plaintiff for $1,440 on the first cause of action, $450 on the second, and $12.50 on the third. Thereafter on motion interest was added *nunc pro tunc* by the court and with interest so added judgment was entered on the verdict. Motion for new trial was duly filed and by the court overruled. The defendants have appealed.

There are seven assignments of error. The first two are formal and general and do not require consideration separate and apart from those which follow.

For their third assignment the defendants assert that the court erred in refusing to sustain the motion of defendants to remove the first cause of action from consideration by the jury and for judgment for the defendants for the reason that the cause of action pleaded had not been sustained.

For his first cause of action the plaintiff substantially alleged that on or about October 10, 1939, he entered into an oral agreement with the defendants through the defendant, Rudolph Yechout, to obtain a suitable tenant and to negotiate a lease for a term of years for the premises in question and that the defendants agreed to remodel to suit the needs of the tenant whom plaintiff might obtain; that the agreement was exclusive and that during the period of negotiations all prospective tenants would be referred to plaintiff; that for his services the plaintiff would be paid the customary compensation charged by real estate brokers; that immediately thereafter plaintiff made contact with F. W. Woolworth Company and entered into negotiations for a lease of the premises; that F. W. Woolworth Company was satisfactory to defendants as a prospective tenant; that the negotiations for a lease to the F. W. Woolworth Company continued to June 26, 1940, when a lease

tendered by defendants through the plaintiff was signed by the said F. W. Woolworth Company; that while these negotiations were in progress, in violation of their agreement and without notice to plaintiff, the defendants entered into a lease upon the premises with another to the damage of plaintiff, which damage the plaintiff claims is the amount of the commission he would have received had the lease with F. W. Woolworth Company been consummated.

The substance of the answer of the defendants was a general denial of the allegations of the petition, an admission that an oral agreement was entered into, but that it was not exclusive and that it contemplated only negotiations with F. W. Woolworth Company, and a further allegation that negotiations came to an end with the said F. W. Woolworth Company prior to the time that they finally entered into the lease upon the premises and after the plaintiff had notified them that no obligation existed in favor of the plaintiff and against the defendants.

Assuming that this cause of action for damages was proper and the jury were properly instructed, the sole question for determination here is that of whether or not the plaintiff has adduced sufficient evidence to sustain the verdict of the jury.

In such situations this court has consistently followed the rule announced in the case of *Doyle v. Franek,* 82 Neb. 606, 118 N. W. 468, as follows:

"In a law action it is error for the trial court to direct a verdict for either of the parties on an issue of fact on which the evidence is conflicting. Such issue should be submitted to the jury for its determination." See *Scott v. New England Mutual Life Ins. Co.,* 128 Neb. 867, 260 N. W. 377; *Stevens v. Fall,* 133 Neb. 610, 276 N. W. 401; *Dworak v. Shire,* 126 Neb. 474, 253 N. W. 655; *Coryell v. Robinson Outdoor Advertising Co.,* 140 Neb. 855, 2 N. W. (2d) 106.

An examination of the bill of exceptions discloses that there was a substantial conflict in the evidence. The plaintiff gave testimony fully supporting all of the allegations pertaining to this cause of action and most of them find support in documentary evidence as well.

The defendants' interpretation of what occurred, as disclosed by the brief filed herein, tends to support the contention of plaintiff that the agency was exclusive and to defeat the contention of defendants that it was limited to an attempt to negotiate a lease with F. W. Woolworth Company. A paragraph on page 54 of the brief is the following:

"Calkins first met Yechout in the month of October, 1939, at Calkins' office. Yechout told Calkins that he had a piece of property in Benson that was occupied by the Safeway Store, which was going to leave, and he wanted a good tenant, and would prefer a chain store. That Yechout had been advised to come to Calkins because he was a specialist in that line. Calkins told him he represented quite a few of the chain stores naming some of them. Calkins also said he knew Woolworth, and he said Yechout told him he wanted him to handle the matter exclusively. He also said that no matter who it was who approached him he would send him to Calkins."

This is not conclusive of any issue in the case, but it goes far to show that there was a question of fact for determination by a jury.

The defendants contend substantially that the first cause of action was upon contract, whereas the recovery was allowed on *quantum meruit*. This contention is without merit.

Under the instructions recovery was allowed on the basis of 3 per cent. of the gross rental for the term of the negotiated lease with F. W. Woolworth Company. It is true that 3 per cent. of such gross rental was not set forth in the original agreement between plaintiff and defendants, but the claimed agreement did provide, as shown by the evidence of plaintiff and without dispute or contradiction, that plaintiff should receive as commission the regular Omaha real estate board rate and it was further shown that such rate was 3 per cent. of the gross rental for the term of the lease. Certainly the parties contracted with reference to this rate and the court properly instructed the jury in this respect.

Was then the action of the plaintiff properly predicated? In the opinion, *Staats v. Mangelsen,* 105 Neb. 282, 180 N. W. 78, which was a case similar to this one, it was stated:

"Some distinction is attempted to be drawn between compensation under and by virtue of the contract and damages for the breach of it. The distinction is academic and unsubstantial. It makes no difference to either party whether plaintiff is considered to have earned the compensation provided in the contract by performing it, or has been damaged by the loss of the stipulated commission by the owner's preventing performance. The result would be the same in either view."

The reasoning is sound and we perceive no reason for the adoption of a different rule.

The defendants insist as to the first cause of action that the court erred in giving instructions Nos. 5, 7 and 8. Instruction No. 5 is the submission of the contract, its claimed violation and the matter of damage therefor. Because of what has already been set forth herein, no discussion of the instruction is required.

Instruction No. 7 is as follows:

"If you find from the evidence that plaintiff informed the defendants some time prior to their entering into the lease with Petersen that the deal with the F. W. Woolworth Company was off and that there was no further obligation on the part of the defendants under said lease or oral agreement with plaintiff, the defendants were free to enter into a lease with Petersen and the plaintiff cannot recover.

"However, if you do not find the above to be true, then the defendants were under a legal obligation to the plaintiff to give plaintiff a reasonable notice that they were canceling said negotiations and also plaintiff's agency to negotiate a lease for them before plaintiff's agency could legally be terminated."

It will be noted that in this instruction the jury were told that, if they found that plaintiff informed defendants that the deal with F. W. Woolworth Company was off and there was no obligation under the agreement, then the de-

fendants were free to enter into the lease entered into by them, but if they did not so find, they were under obligation to give reasonable notice of cancelation of the agreement.

Segregated from the rest of the charge this instruction might be considered erroneous, but when examined in the light of the entire charge to the jury no error is apparent. The legal burden upon the plaintiff to sustain his cause of action was properly imposed and was never shifted by any instruction. This instruction in plain effect told the jury that notwithstanding proof of continuance of negotiation for lease by the plaintiff there could be no recovery if plaintiff informed defendants that negotiations for a lease had come to an end, also if they found that reasonable notice of their intention to cancel the agency agreement had been given before entering into the lease no recovery could be had.

Nothing in this affects unfavorably the defendants. The defendants contend that they could cancel the agency agreement without liability to plaintiff at any time and that it was not incumbent upon them to give notice of their intention so to do. This contention finds no support in the decisions of this court. Our decisions support the contrary view. This subject is quite fully discussed in *Staats v. Mangelsen, supra.* We quote here but one of the several pertinent paragraphs of this opinion, as follows:

"Defendant finally argues that, as the agency contract did not provide that he give notice to plaintiff of a withdrawal of the land from the market, and as the sale by the owner necessarily operated to withdraw the land from the market, the contract terminates on such sale without notice to the agent. We cannot agree to this argument. The law requires that the parties act toward each other in good faith. 9 C. J. 520, sec. 22; *Maddox v. Harding, supra* (91 Neb. 292, 135 N. W. 1019). And good faith would require notice. The landowner could not secretly sell his land, and thereby terminate the agent's right to effect a sale, and, by remaining silent, permit the agent to expend further time and effort in attempting to make a sale, and escape liability

under his contract. To approve such a doctrine would be in effect to say that one man could escape liability by his own neglect or craft, and another be deprived of his rights without fault on his part. As far as the agent's right to compensation under the contract is concerned, the land could not be 'withdrawn from the market' under the terms of the contract, until the agent had notice or knowledge of such withdrawal."

Under the evidence of the plaintiff, if believed by the jury, it was proper for the court to instruct as it did on the matter of notice of intention to cancel the agency agreement.

As to instruction No. 8 as applied to the first cause of action, nothing need be said except that, as has already been pointed out, the correct measure of damage was properly submitted.

The defendants urge that there was an improper submission of the second cause of action and that judgment should have been entered in favor of the defendants.

As has been indicated this cause of action was one in favor of James T. Allan on an agreement for architect's fees entailed in the preparation of plans and specifications for remodeling the building in question to meet the requirements of F. W. Woolworth Company and for supervision during remodeling. The cause of action was assigned to the plaintiff and he sued in his own name.

From the evidence it appears to be conclusive that a contract was entered into with Allan for this service and that all of the service was performed by him except supervision which was prevented by the fact that remodeling never took place. It appears without dispute also that Allan was to receive as compensation 3 per cent. of the contract price of remodeling which contract price was $15,521.

Plaintiff contends that this contract was entered into by him for and on behalf of the defendants and that defendants agreed to pay the expense of this service.

On this issue there is a sharp conflict in the evidence. Plaintiff's position is supported by his own direct and posi-

tive testimony and the testimony of other witnesses in addition to certain documentary evidence. It is sufficient, if believed by a jury, to sustain a verdict in his behalf. Under the rule previously announced herein, the court did not err in submitting the second cause of action to the jury.

On the second cause of action the jury returned a verdict in favor of plaintiff for $450, which was $15.63 less than 3 per cent. of the contract for remodeling called for. Of this verdict the defendants may not properly complain, since the jury accepted the version of the plaintiff and by that version full performance of the contract was prevented by the defendants.

Finding no reversible error, the judgment of the district court is

AFFIRMED.

ROSE and EBERLY, JJ., not participating.