SAM S. SAWYER AND L. L. STEVENS v. A. N. STAPLES AND E. P. LEARY, INDIVIDUALLY AND PARTNERS TRADING AS LEARY & STAPLES.

(Filed 3 May, 1944.)

**Appeal and Error § 8—**

> Having tried a case upon one theory, the law will not·permit a party to change his position in the Supreme Court. The rule is that an appeal ex necessitate follows the theory of the trial.

APPEAL by defendant A. N. Staples from *Thompson, J.,* at December Term, 1943, of CAMDEN.

Civil action against A. N. Staples and E. P. Leary, individually and as partners, trading as Leary & Staples.

The complaint alleges that on 24, 25, and 26 June, 1943, plaintiffs delivered to the defendants 487 bags, 100 lbs. each, of Irish potatoes, same being U. S. #1 grade, at the price of $2.25 per bag, 71 bags of #2

potatoes at 75c per bag, and 60 bags of pick-outs at 50c per bag, making a total sale price of $1,179.00; that the defendants have resold said potatoes and received the proceeds from said sale, that the defendants are offering to pay the aforesaid price for the #2's and the pick-outs, but are attempting to include in the settlement the U. S. #1 grade at a price lower than that agreed upon.

The defendants filed their answer and alleged that they were not, nor have they ever been partners under the name of Leary & Staples, or any other name. The plaintiffs offered no evidence to support their allegation as to the partnership, nor as to any agreement with the defendant, E. P. Leary, in connection with the sale of the potatoes referred to in the complaint; hence, at the close of plaintiffs' evidence, upon motion for judgment as of nonsuit as to E. P. Leary, the motion was granted.

The evidence discloses that plaintiff, Sam S. Sawyer, grew the potatoes involved herein on the land of his coplaintiff, L. L. Stevens, under an agreement that Mr. Stevens was to receive one-fourth of the potatoes for his rent.

Upon the evidence offered by the plaintiffs, and that introduced on behalf of the defendant, A. N. Staples, the court submitted to the jury the following issues, which were answered as indicated:

"1. Is the defendant Staples indebted to plaintiff, Sam S. Sawyer, as alleged in the complaint, and, if so, in what amount? Answer: $561.18.

"2. Is the defendant Staples indebted to plaintiff, L. L. Stevens, as alleged in the complaint, and, if so, in what amount? Answer: $187.06."

Judgment was entered on the verdict and defendant, A. N. Staples, appeals to the Supreme Court, assigning errors.

*J. Henry LeRoy for plaintiffs.*
*R. Clarence Dozier for defendant.*

DENNY, J. The only exception presented by appellant for our consideration is to the charge of the court below in that his Honor failed to charge the law arising upon the defendant's plea of accord and satisfaction.

An examination of the answer discloses that it does not contain a plea of accord and satisfaction, as between the plaintiffs and the defendant, A. N. Staples. There is a plea of accord and satisfaction as between the plaintiffs and E. P. Leary, individually; however, Leary is no longer a party to this action, and, if he were his testimony, as well as that of Staples, negatives the plea.

On 12 August, 1943, E. P. Leary issued his check in the sum of $1,680.15, payable to Sam Sawyer and A. N. Staples. This check did include the sum of $521.82 for the potatoes involved in this action which

were shipped by E. P. Leary. Sawyer protested the price allowed by Leary for the U. S. #1 grade potatoes. However, Sawyer endorsed the check and Staples retained it and gave Sawyer his personal check for $700.71, and made the following entry thereon: "Payment for difference in fertilizer—seed potatoes"; therefore, A. N. Staples retained out of the check for $1,680.15, the sum of $979.44. However, the evidence is contradictory as to the amount due Staples for fertilizer, seed potatoes, hauling, grading and for money advanced by the defendant Staples to enable Sawyer to employ help to dig his potatoes.

There is no allegation, suggested issue or prayer for instruction to sustain the defendant's contention that he was entitled to have the jury consider the endorsement of the Leary check by Sawyer, and the acceptance of his personal check as an accord and satisfaction as between the plaintiffs and himself. On the contrary, the case was tried below on the theory that the plaintiff, Sam S. Sawyer, tenant of his coplaintiff, L. L. Stevens, entered into a contract with the defendant, A. N. Staples, to sell and deliver to said A. N. Staples, the potatoes involved in this action at the prices alleged in the complaint. The defendant, A. N. Staples, rested his defense upon the theory of agency, alleging in his answer that he "had no connection with the transaction except that the plaintiff, Sam S. Sawyer, authorized and directed him to assist in handling the said potatoes on behalf of the said Sam S. Sawyer."

The plaintiff Sawyer testified that Staples agreed to pay him the government price for U. S. #1 grade potatoes, which at the time of delivery was $2.25 per bag. There appears to be no dispute as to the price for the #2 potatoes and the pick-outs. We do not think that Staples or Leary considered the payment made by Leary as a complete settlement between Sawyer and Staples. Staples nullifies the idea of accord and satisfaction as between himself and Sawyer, by his testimony to the effect that Sawyer is still indebted to him in connection with the marketing of said potatoes in the sum of $22.00; and Leary, as a witness for the defendant Staples, testified on cross-examination, that "The potatoes on the Stevens farm were delivered on June 24th, 25th and 26th; the market price for #1 potatoes at Camden was $2.25 a bag on June 24th. On June 25th some potatoes sold for $2.30. Some of Mr. Sawyer's potatoes off the Luke Stevens field sold for $2.20 a bag at Camden. I filed a claim with the railroad for these potatoes. I don't know the exact figures. I filed several claims with the railroad but each car is filed separately. The claim filed with the railroad was for enough to bring all of Mr. Sawyer's potatoes that are involved in this suit to $2.25 a bag at Camden." Hence, plaintiffs' allegation as to the price of U. S. #1 grade potatoes at the time of delivery to defendant, is virtually admitted by defendant's evidence. Moreover, both Leary and

Staples testified that Sawyer is entitled to whatever amount may be realized from the claims filed by Leary against the railroad, except Staples claims the right to deduct an additional sum of $22.00 therefrom.

Therefore, if on 12 August, 1943, Leary had paid to Sawyer and Staples the government price of $2.25 per bag for the potatoes, the check would have included $1,179.00 for the potatoes involved in this action, instead of the sum of $521.82, which was included therein, or, to put it another way, the check would have been for $2,337.33, instead of $1,680.15. The evidence discloses that this difference is represented in claims filed against the railroad by Leary. Therefore, the real question is whether Staples bought these potatoes from Sawyer, as alleged in the complaint, and marketed them through Leary, or did he merely act as agent for the plaintiffs, pursuant to an agreement made with Sawyer to assist him in marketing the potatoes, as alleged in the answer. The answer to this question was for the jury.

The issues set forth herein were submitted to the jury without objection on the part of the defendant, and were sufficient to determine the above question as well as the amount Staples was entitled to recover for seed potatoes, fertilizer and advancements to Sawyer. The jury answered the issues in favor of plaintiffs for the respective amounts set forth herein, and there is ample evidence to support the verdict.

Having tried the case upon one theory, the law will not permit a defendant to change his position in the Supreme Court. *Weil v. Herring,* 207 N. C., 6, 175 S. E., 836; *Potts v. Ins. Co.,* 206 N. C., 257, 174 S. E., 123. "The rule is, that an appeal *ex necessitate* follows the theory of the trial." *Gorham v. Ins. Co.,* 214 N. C., 526, 200 S. E., 5; *Dent v. Mica Co.,* 212 N. C., 241, 193 S. E., 165; *Mercer v. Williams,* 210 N. C., 456, 187 S. E., 556; *Keith v. Gregg,* 210 N. C., 802, 188 S. E., 849. *In re Parker,* 209 N. C., 693, 184 S. E., 532.

The contention of the defendant cannot be sustained, and in the trial below, we find

No error.