**SUTTON v. TEXAS CO.**

Civ. No. 409.

United States District Court,
E. D. North Carolina.
Raleigh Division.

March 15, 1950.

See 183 F.2d 383.

Ray B. Brady, Raleigh, N. C., J. Francis Paschal, Raleigh, N. C., for plaintiff.

Clem B. Holding, Raleigh, N. C., for defendant.

GILLIAM, District Judge.

This case was heard without a jury in the Raleigh Division on March 15, 1950, and at the close of plaintiff's case a motion to dismiss under Federal Rules of Civil Procedure, Rule 41(b), 28 U.S.C.A., was sustained.

This is an action by plaintiff lessee against defendant lessor for injuries resulting from the fall of a sliding door operated by raising on tracks and equipped with wire cables. The lease imposed no duty of making repairs on the lessor, but provided that the lessee should make them. However, at the inception of the term when the lessee complained that the door was out of repair the lessor agreed to repair it and undertook to do so. Thereafter, it does not appear how long, while the door was being raised one of the wire cables snapped and the lessee was hurt.

The North Carolina cases uphold an action such as this. Mercer v. Williams, 210 N.C. 456, 458, 187 S.E. 556, 558: "The general rule is, that a landlord is not liable to his tenant for personal injuries sustained by reason of a defective condition of the

demised premise, unless there be a contract to repair which the landlord undertakes to fulfil and does his work negligently to the injury of the tenant."

■ The defendant defends upon the ground, among others, that the repairs were made by an independent contractor. Granting the premise, this would not relieve defendant of liability. Livingston v. Essex Investment Co., 219 N.C. 416, 423, 14 S.E. 2d .489, 493: "The defendant contends that he 'had discharged his liability in employing a competent person to do the work, whether that competent person served as his servant agent or as an independent contractor.' We cannot so hold. In Doyle v. Franek, 82 Neb. 606, 118 N.W. 468, 469, the landlord undertook to remove a dwelling occupied by the plaintiff and removed the front steps which were immediately replaced but in a negligent manner resulting in injuries to the plaintiff, and the court said: 'The defendant argues that because the steps were removed and replaced by an independent contractor, or without any direction from or knowledge of the defendant, he is thereby relieved from liability. It is urged that the negligence complained of was not the neglect of the defendant but that of an independent contractor. We do not think this contention is sound. Conceding that the relation of landlord and tenant existed between the parties to this action we think it is clear that the landlord is not relieved of liability for injury to his tenant by the fact that he employed an independent contractor to perform the work of moving the house. So long as the relation of landlord and tenant existed between the parties the landlord owed a duty to the defendant not to do, or cause to be done, anything which would render the premises dangerous and unsafe for his tenant. Where one owes an absolute duty to another, he cannot acquit himself of liability by delegating that duty to an independent contractor.' "

The defendant also contends that the evidence, as a matter of law, shows that the plaintiff was guilty of contributory negligence and that such contributory negligence bars any recovery. In view of the Court's opinion on the issue of negligence as hereinafter explained, this question is not reached but the Court would decide this question for plaintiff if reached.

■ The Court finds as a matter of law that the plaintiff's evidence taken in the light most favorable to him does not prove negligence by the defendant. It seems that the doctrine of res ipsa loquitur does not apply because "the user at the time of the injury was not under the immediate management of the defendant, but in control of the plaintiff." Saunders v. Norfolk & W. Railroad Co., 185 N.C. 289, 117 S.E. 4, 5, 29 A.L.R. 1258.

The only evidence upon which negligence might be predicated is the unexplained snapping of the wire cable which supported the door. In the absence of any showing that this cable was defective or that it was too small, with no evidence of how much time elapsed between the date of the repairs and the date of the accident, with no evidence of what care was taken to keep the mechanism in order, the Court was of the opinion that the action should be dismissed, and an order to this effect has been entered.