Carson v. Cloninger

---

DEVOE CARSON v. BEATRICE KENNEDY CLONINGER

No. 7427SC564

(Filed 20 November 1974)

Landlord and Tenant § 8— repair of premises — duty of landlord absent covenant

The landlord is under a duty to exercise reasonable care in the actual repair of leased premises regardless of a covenant to repair;

therefore, the trial court erred in granting defendant landlord's motion for summary judgment in an action by lessee to recover for injuries sustained when she fell through her porch where the evidence tended to show that defendant had remodeled the porch before plaintiff's fall.

APPEAL by plaintiff from *Snepp, Judge,* 25 February 1974 Session of GASTON Superior Court. Heard in the Court of Appeals on 22 October 1974.

Plaintiff instituted this action to recover damages for personal injuries sustained on or about 18 June 1970 when she fell through her porch. At the time of the accident, plaintiff was renting the premises from defendant. Defendant moved for summary judgment, and in ruling on the motion, the trial court considered the pleading and depositions of each party. From an order granting defendant's motion for summary judgment, plaintiff appealed.

*Chambers, Stein, Ferguson & Lanning, by James C. Fuller, Jr., for plaintiff appellant.*

*Hollowell, Stott & Hollowell, by Grady B. Scott and James C. Windham, for defendant appellee.*

MARTIN, Judge.

Summary judgment is proper only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law. G.S. 1A-1, Rule 56(c). When motion for summary judgment is made, the court must look at the record in the light most favorable to the party opposing the motion. *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1 (1970). The party moving for a summary judgment has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court. *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972).

While the record in this case is somewhat confusing, if not conflicting, it tends to show the following when viewed in the light most favorable to plaintiff. In 1969 defendant-landlord made extensive repairs to the premises, but failed to complete repairs to the porch in question. Plaintiff had told defendant she wanted the porch "all fixed over" and "the whole thing remodeled." Defendant's deposition indicates that the porch in

question was remodeled with a new floor. Furthermore, this new floor was laid before plaintiff fell through the porch causing serious injury to her back. While there is some ambiguity as to whether the particular portion of the porch where plaintiff fell through had been remodeled by defendant, the record, viewed in a light favorable to plaintiff, indicates it had been remodeled.

Assuming plaintiff fell through a part of the porch which defendant had allegedly remodeled in a negligent manner, there remains a question of law as to whether defendant-landlord has thereby breached any legal duty owed to plaintiff. Plaintiff advances three theories to support a recovery for personal injuries. The first two theories are without merit. In the third theory, plaintiff contends that defendant is liable for injuries resulting from negligent repairs of the porch even though such repairs were done absent a covenant to repair. We have found no North Carolina case where a landlord negligently repairs the premises, with a resulting injury to the tenant, but in the absence of a covenant to repair. See 38 N.C. L. Rev. 403 (1960). In *Mercer v. Williams*, 210 N.C. 456, 187 S.E. 556 (1936), the Court states:

> "The general rule is, that a landlord is not liable to his tenant for personal injuries sustained by reason of a defective condition of the demised premise, unless there be a contract to repair which the landlord undertakes to fulfill and does his work negligently to the injury of the tenant. *Fields v. Ogburn, supra; Colvin v. Beals,* 187 Mass. 250 (sic)."

However, *Mercer* involves the negligent *failure* to repair leased premises in breach of a covenant to repair, and, therefore, it is unlikely the Court intended to set out a rule covering the present case. *Livingston v. Investment Co.,* 219 N.C. 416, 14 S.E. 2d 489 (1941), involves negligent repair by an agent of the landlord pursuant to an agreement to repair, but the Court quotes several authorities which expressly repudiate the significance of a covenant to repair where repairs were negligently performed. The prevailing rule places a duty upon the landlord to exercise reasonable care in the actual repair of leased premises regardless of a covenant to repair. 49 Am. Jur. 2d, Landlord And Tenant, § 795, p. 746; Annot. 150 A.L.R. 1373 (1944); William L. Prosser, Handbook of the Law of Torts, § 63, pp. 410-411 (4th ed. 1971). There are several variations of this rule, but a discussion thereof is not relevant to this appeal.

Since there appears to be a genuine issue as to a material fact and defendant is not entitled to judgment as a matter of law, we hold it was error to grant defendant's motion for summary judgment.

Reversed.

Chief Judge BROCK and Judge PARKER concur.